```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-21104-CIV-LENARD
                              MAGISTRATE P. A. WHITE
```

BOOKER T. SCARBOROUGH,        :
a/k/a BOOKER T. GREENE

      Petitioner,     :

v.                            :        <u>REPORT OF</u>
                                           <u>MAGISTRATE JUDGE</u>
WALTER A. MC NEIL,            :

      Respondent.     :
_____

    Booker T. Scarborough, a state prisoner confined at Century Correctional Institution, has filed a <u>pro</u> <u>se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his guilty plea and sentence entered in Case Nos. F03-0335827 and F03-21965 in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    For its consideration of this petition and memorandum of law, the Court has the respondent's response to an order to show cause with exhibits and petitioner's reply.

    Scarborough raises the following grounds for relief.

    1)    Ineffective assistance of counsel.

    2)    Plea was unlawfully induced and coerced, made not fully understanding the consequences of said plea.

    3)    The trial court never successful[ly] rebutted the Defendant['s] claims.

**PROCEDURAL BACKGROUND**

The pertinent procedural history of this case is as follows. On September 3, 2003, Scarborough was charged by information with one count grand theft in the third degree (F-03-021965). (See [D.E. 16, App. A]). On January 14, 2004, Scarborough was also charged by information with one count resisting an officer without violence, one count of giving a false name/ID after arrest and one count of grand theft in the third degree of a vehicle, one count of burglary of an unoccupied dwelling, one count petit theft and one count of burglary with assault or battery.(F-03-035827). (See [D.E. 16, App. B).[1] On October 16, 2006, Scarborough entered a change of plea. (See [D.E. 16, App. E]) Scarborough pled guilty to all counts in the information of Case Nos. F-03-021965 and F-03-035827. (See [D.E. 16, App. C &D]). On November 11, 2006, judgment was entered and Scarborough was sentenced to several five year prison terms, all of which were to run concurrently, with the sum total of his plea agreement being confinement of five years in Florida State Prison followed by five years probation. (See [D.E. 16, App. D]).

Thereafter, on May 21, 2007, Scarborough filed a motion to correct sentence pursuant to Rule 3.800, Fla. R. Crim. P. (See [D.E. 16, App. F]). Scarborough argued, similar to his argument here, that he understood that his plea deal to be that his five year sentence in Miami-Dade was to run concurrent with a fifteen sentence that he was already serving stemming from convictions in Broward County, Florida. (See [D.E. 16, App. F]). On May 31, 2007, the trial court denied his motion and found "[t]he transcript of the plea conclusively refutes the Defendant's allegations". [D.E. 16, App. G]. On August 17, 2007, Scarborough

---

[1] Scarborough was also charged with additional crimes in different cases which are not the subject of his instant petition but were consolidated at the time of his plea agreement and colloquy (F-03-35883, F-03-035884). (See [D.E. 16, App. B]).

filed a motion for post-conviction relief pursuant to Rule 3.850, Fla. R. Crim. P. [D.E. 16, App. H]. Scarborough argued two grounds for relief. [D.E. 16, App. H]. Scarborough again argued that he accepted a plea deal because "Defendant attorney assured Defendant that he will be sentence 'concurrent' and when the judge said concurrent defendant assumed judge was referring to Broward Co. sentence."' [D.E. 16, App. H]. He further argued that "had he known that he wouldn't be sentenced concurrent [with the Broward sentence] Defendant never would have accepted or agreed to the plea which Defendant['s] attorneys assured him will be concurrent." [D.E. 26, App. H]. On August 21, 2007, the trial court denied this motion and referred Scarborough back to its previous Order dated May 31, 2007. [D.E. 16, App. I]. On November 9, 2007, Scarborough filed an appeal with the Third District Court of Appeal. [D.E. 16, App. K].  On February 6, 2008, the Third District Court of Appeal per curiam affirmed. [D.E. 16, App. L]. On February 28, 2008, the Third District denied Scarborough's Motion for Rehearing. [D.E. 16, App. M]. On March 18, 2008, mandate issued. [D.E. 16, App. M].

On April 15, 2008, Scarborough came to this Court, filing the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (See [D.E. 1]).

For the following reasons, habeas relief is denied.

## **ANALYSIS**

All three of Scarborough's claims essentially allege the same error. Scarborough claims that, but for his counsel's assurance that he would be sentenced concurrently with the fifteen year sentence already being served by Scarborough from convictions in Broward County, he would not have pled guilty to the charges which are the subject of the instant petition. (See [D.E. 1]). The State responded that Scarborough's claims as to certain of Scarborough's cases are time barred and/or unexhausted

3

and procedurally barred. (See [D.E. 13]).  However, as the petition clearly lacks merit, the Court need not engage in the process of parceling out which of Scarborough's multiple convictions at issue in the instant petition are time or otherwise procedurally barred.  Scarborough would not be entitled to relief even if there were no real or perceived procedural defect in his claims.

The traditional rule is that a defendant's plea of guilty made knowingly, voluntarily, and with the benefit of competent counsel, waives all nonjurisdictional defects in the proceedings. United States v. Broce, 488 U.S. 563 (1989). See also Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982).  As the Supreme Court has explained:

> A guilty plea represents a break in the chain of events which had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Exceptions to the general rule are those cases which are constitutionally infirm because the government has no power to prosecute them at all, which is not applicable to this case. See Broce, 488 U.S. at 574-575.

Moreover, the waiver also extends to claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. See Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981), cert. denied, 456 U.S. 992 (1982). See also United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992)(per curiam)(holding that pre-plea ineffective assistance of counsel claims are also waived by guilty plea). Scarborough's claim that his counsel was ineffective for failing to properly advise him of

the consecutive nature of his sentence in Broward County and his guilty plea in Miami-Dade County does not relate to the voluntariness of the pleas and, even if his claim could be so construed, there is absolutely no indication in the record that the guilty pleas were not entered knowingly and voluntarily. Accordingly, Scarborough is not entitled to habeas review of his claim(s). See United States v. Arnaiz, 144 Fed.Appx. 27, 31 (11th Cir. 2005)(holding that defendant waived any non-jurisdictional challenges to his indictment, including by way of a motion to dismiss the indictment, when he voluntarily pleaded guilty with the advice of competent counsel).

Scarborough is attempting to create an ambiguity where there is none. During the plea colloquy, the trial court questioned Scarborough on a variety of matters including the following[2]:

> THE COURT: Did anybody threaten or force you to get you to pled guilty ?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you doing this freely and voluntarily ?
>
> THE DEFENDANT: Yes.
>
> **THE COURT: Did anybody promise you anything different than what has been stated here in open court ?**
>
> **THE DEFENDANT: No.**

([D.E. 16, App. E] at 20)(emphasis added).

---

[2] For the first time, in his reply, Scarborough alleges that his counsel was ineffective "by not properly investigating all of the evidence in Petitioner's case". [D.E. 19]. This argument is not only waived, see Arnaiz, 144 Fed. App. at 31, but is also clearly refuted by the record. (See [D.E. 16, App. E] at 7-8)(Scarborough affirmatively responded to the trial judge's colloquy regarding his satisfaction with his attorney's preparation and representation).

Scarborough's Broward convictions and fifteen year sentence, of which he now claims were to be a part of his plea agreement with the State on his Miami-Dade county convictions, appear no where in the record.  At sentencing, the trial court went through each count in the information and sentenced Scarborough as to each count of each case. (See [D.E. 16, App. E] at 25-7).  The record is clear that the trial court did not sentence Scarborough to a sentence concurrent with prior convictions in Broward County and, at no time, did Scarborough or his counsel object or seek a clarification of his sentence. (See [D.E. 16, App. E).  A voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked.  Mabry v. Johnson, 467 U.S. 504, 508 (1984). A guilty plea must therefore stand unless induced by misrepresentation made to the accused person by the court, prosecutor, or his own counsel.  Mabry, 467 U.S. at  509, quoting, Brady v. United States, 397 U.S. at 748. In other words, if a guilty plea is induced through threats, misrepresentations, or improper promises, the defendant cannot be said to have been fully apprised of the consequences of the guilty plea and may therefore challenge the guilty plea under the Due Process Clause. Mabry v. Johnson, 467 U.S. at 509.  See also Santobello v. New York, 404 U.S. 257 (1971). However, that is not the case here.

As illustrated above, the trial judge clearly and thoroughly explained that as part of the plea, Scarborough was not being promised anything different that what had been stated in open court. Therefore, habeas relief is denied as to Scarborough's claims.

### CONCLUSION

For the foregoing reasons, it is recommended that this

petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 12th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Booker T. Scarborough
      Century Correctional Institution
      400 Tedder Road
      Century, Florida

      Ansley B. Peacock
      Assistant Attorney General
      Rivergate Plaza
      Suite 650
      444 Brickell Avenue
      Miami, Florida 33131