UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21104-CIV-LENARD/WHITE

**BOOKER T. SCARBOROUGH, a/k/a**
**BOOKER T. GREENE**,

       Petitioner,

vs.

**WALTER A. McNEIL,**

       Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE (D.E. 20); DENYING PETITION FOR WRIT OF
HABEAS CORPUS 28 U.S.C. § 2254 (D.E. 1); AND DISMISSING CASE**

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Patrick A. White ("Report," D.E. 23), issued on January 12, 2009. In his Report, Magistrate Judge White recommends that the Court deny Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition," D.E. 1). Petitioner filed Objections to the Report on February 25, 2009 (D.E. 23). The Court has conducted a de novo review of the Petition, the Report, the Objections, and the record, and finds as follows:

    **I.**    **The Petition and Report of the Magistrate Judge**

        A.    Background

On September 3, 2003, Petitioner was charged by information with one count grand theft in the third degree (F-03-021965). (See D.E. 16, App. A.) On January 14, 2004, Petitioner was also charged by information with one count resisting an officer without

violence, one count of giving a false name/ID after arrest and one count of grand theft in the third degree of a vehicle, one count of burglary of an unoccupied dwelling, one count petit theft and one count of burglary with assault or battery.(F-03-035827). (See D.E. 16, App. B.) On October 16, 2006, Petitioner entered a change of plea. (See D.E. 16, App. E.) Petitioner pled guilty to all counts in the information of Case Nos. F-03-021965 and F-03-035827. (See D.E. 16, App. C and D.) On November 11, 2006, judgment was entered and Petitioner was sentenced to several five year prison terms, all of which were to run concurrently, with the sum total of his plea agreement being confinement of five years in Florida State Prison followed by five years probation. (See D.E. 16, App. D.)

Thereafter, on May 21, 2007, Petitioner filed a motion to correct sentence pursuant to Rule 3.800, Fla. R. Crim. P. (See D.E. 16, App. F.) Petitioner argued therein that he understood that his plea deal to be that his five year sentence in Miami-Dade was to run concurrent with a fifteen sentence that he was already serving stemming from convictions in Broward County, Florida. (See D.E. 16, App. F.) On May 31, 2007, the trial court denied his motion and found "[t]he transcript of the plea conclusively refutes the Defendant's allegations." (D.E. 16, App. G.) On August 17, 2007, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850, Fla. R. Crim. P. (D.E. 16, App. H.) Petitioner argued two grounds for relief. (D.E. 16, App. H.) Petitioner again argued that he accepted a plea deal because "Defendant attorney assured Defendant that he will be sentence 'concurrent' and when the judge said concurrent defendant assumed judge was referring to

2

Broward Co. sentence."' (D.E. 16, App. H.)  He further argued that "had he known that he wouldn't be sentenced concurrent [with the Broward sentence] Defendant never would have accepted or agreed to the plea which Defendant['s] attorneys assured him will be concurrent." [D.E. 26, App. H]. On August 21, 2007, the trial court denied this motion and referred Petitioner back to its previous Order dated May 31, 2007. (D.E. 16, App. I.)  On November 9, 2007, Petitioner filed an appeal with the Third District Court of Appeal.  (D.E. 16, App. K.)  On February 6, 2008, the Third District Court of Appeal per curiam affirmed. (D.E. 16, App. L.)  On February 28, 2008, the Third District denied Scarborough's Motion for Rehearing. (D.E. 16, App. M.)  On March 18, 2008, the Third District's mandate issued. (D.E. 16, App. M.)

On April 15, 2008, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (D.E. 1.)  Petitioner raises three grounds for relief: 1) ineffective assistance of counsel; 2) the plea was unlawfully induced and coerced, and made not fully understanding the consequences of said plea; and 3) the trial court never successfully rebutted the Petitioner's claims.

      B.      The Report

The Magistrate Judge recommends that the Petition be denied because his plea was made knowingly and voluntarily.

      C.      Objections

In his Objections, Petitioner makes two arguments in opposition to the Report.  First,

he argues that his trial counsel promised him that his plea to crimes in the Dade County, Florida court would result in a sentence running concurrent with his Broward County, Florida sentence. Petitioner argues that this constitutes ineffective assistance of counsel. Petitioner does not cite to any record evidence in support of this contention regarding his trial counsel's promise. Second, Petitioner makes the related argument that his plea was not voluntary and knowing because it was made based on this alleged improper promise by his trial counsel. Again, Petitioner fails to cite to any evidence in support of his claim but instead simply baldly alleges that his trial counsel made an improper promise.

## II.  Discussion

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). However, if a guilty plea is induced through threats, misrepresentations, or improper promises, the defendant cannot be said to have been fully apprised of the consequences of the guilty plea and may therefore challenge the guilty plea under the Due Process Clause. Mabry v. Johnson, 467 U.S. at 509. Despite Petitioner's claims to the contrary, there is absolutely no evidence on the record supporting his claim that this plea was involuntary or unknowing due to an improper promise by his defense counsel. First, as pointed out by the Magistrate Judge, the transcript of his plea agreement colloquy demonstrates that Petitioner's trial counsel did not make any promises that were not otherwise disclosed on the record:

4

>THE COURT: Did anybody threaten or force you to get you to pled guilty ?
>THE DEFENDANT: No.
>THE COURT: Are you doing this freely and voluntarily ?
>THE DEFENDANT: Yes.
>THE COURT: Did anybody promise you anything different than what has been stated here in open court ?
>THE DEFENDANT: No.

(D.E. 16, App. E at 20).

Petitioner's conclusory allegations to the contrary are unavailing. Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. See Woodard v. Beto, 447 F.2d 103, 104 (5th Cir. 1971)[1] (holding that a habeas petitioner must do more than make conclusory assertions to substantiate his challenge to a guilty plea). Thus, "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." United States v. Jones, 614 F.2d 80 (5th Cir. 1980).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report of Magistrate Judge Patrick A. White (D.E. 20), issued on January 12, 2009, is **ADOPTED**.

2. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (D.E. 1), filed on or about April 15, 2008, is **DENIED**.

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

3. This case is **CLOSED**.

4. All pending motions not otherwise ruled upon are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of March, 2009.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**